UNITED STATES OF AMERICA COURT
DISTRICT OF MASSACHUSETTS

AMALGAMATED TRANSIT UNION
LOCAL 1548.
         Petitioner

v.                     Docket No.

TRANSIT CONNECTION, Inc.

         Respondent

## VERIFIED PETITION TO CONFIRM ARBITRATION AWARD

### Nature of Application

Pursuant to the Federal Arbitration Act, 9 U.S.C section 9, ("FAA"), the Petitioner, Amalgamated Transit Union Local 1548, ("ATU 1548)" requests that the Court confirm an arbitration award and enter judgment in conformity therewith against the Respondent, Transit Connection Inc.("TCI")

### Parties, Jurisdiction and Venue

2. The Amalgamated Transit Union 1548 is a Labor Organization, duly organized and recognized under the laws of the Commonwealth of Massachusetts, with a principle place of business in Plymouth, Massachusetts

3. Transit Connection Inc is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principle place of business in Edgartown, Massachusetts

4 The ATU 1548 and TCI entered into a Collective Bargaining Agreement on or about July 25h, 2019

5. The Court has Jurisdiction over these proceedings under the U.S.C. section 9, (the Federal Arbitration Act). An Application to this Court to confirm an Arbitration Award may be made pursuant to 9 U.S.C section 9 as no court was specified under the Arbitration Agreement.

6. Venue is proper in this District pursuant to 9 U.S.C section 9 as this is the judicial District wherein the underlying Arbitration occurred.

## BACKGOUND, ARBITRATION, and AWARD

7. TCI provides bus transportation services on Martha`s Vineyard. Linda Dixon began working for TCI in May of 2010 and became a full-time bus operator on November 24th, 2014. ATU 1548 had sought representation of TCI drivers for many years prior to 2019 without success. Linda Dixon was active in these efforts. In July of 2019 the employees of TCI went on strike to be represented by ATU local 1548. Linda Dixon was active in her support for the strike. On July 25th, 2019 the employer, TCI and the ATU Local 1548 signed a Collective Bargaining Agreement.

8. On or about August 26th, 2019, the employer, TCI terminated Linda Dixon from her employment as a bus driver.

9. On or about August 27th, 2019, the Union timely grieved the discharge of Linda Dixon. The issues proceeded through the grievance procedure. On or about October 28th, 2019 both the employer, TCI and the ATU Local 1548 agreed to utilize the Federal Mediation and Conciliation Service to conduct an Arbitration. A copy of the Federal Mediation and Conciliation Service Agreement to Arbitrate letter dated 10-28-2019 is attached as Exhibit A

10. The Arbitration process was commenced thru the Federal Mediation and Conciliation Service with a Case Number of 201028-00827. The Arbitration Hearing was held on January 16th, 2020 in Vineyard Haven, Massachusetts. The selected Arbitrator was James R. Collins. ATU 1548, Charles A. Ryan III, President/Business Agent represented Linda Dixon. TCI was represented by David Zellinger, Acting General Manager.

11. On January 23rd, 2020 the arbitrator issued an arbitration award ("Award") against TCI and in favor of Linda Dixon. The Arbitrator found that TCI had violated the National Labor Relations Act, Section 8(a)(3) and Article 9 of the CBA by failing to comply with progressive discipline. The Award directed TCI to reduce Linda Dixon`s discipline from a termination to a three-day suspension and reinstate Lind Dixon to her position as soon as possible and make her whole for all the time lost following her three-day suspension. A copy of the Arbitrator`s Award is attached as Exhibit B

12. All parties were served with copies of the Arbitration Award dated January 23, 2020.

13. The Award was obtained pursuant to the agreement of the parties and Article 9 of the CBA.

14. To date the respondent, Transit Connection Inc. has not complied with the Award. TCI has refused to reinstate Linda Dixon as a full-time bus driver and has failed to pay her lost wages from on or about August 30th, 2019 to date and continuing

## RELIEF REQUESTED

15. Pursuant to the FAA, judgment upon the Award may be entered by this Court. Furthermore, pursuant to 9 U.S.C section 9, a party may petition this court to confirm the Award.

16. The Court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10-11 of the FAA, 9 U.S.C section 9

17 Notice of Motions to vacate, modify, or correct an award must be served within 3 months after the award is filed or delivered. 9 U.S.C section 12

18 More than three months have passed since the Award was delivered, and TCI has neither served, or filed a notice of a motion to vacate, modify, or correct the Award. Accordingly, TCI is time barred from moving to vacate, modify or correct the award

19. Accordingly this Court must confirm the Award

20. Upon confirmation of the Award, ATU Local 1548 is entitled to an entry of Judgment in conformity with the Award pursuant to 9 U.S.C section 13.

Dated: April 27, 2020

Respectfully Submitted
Counsel for Petitioner

*[signature]*

Joseph P. Franzese
Email: Joefran7@yahoo.com
BBO# 547989
152 The Lynnway, 3B
Lynn, MA 01902
Telephone: 781-477-0300
Fax: 781-477-0308

## VERIFICATION

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH COUNTY

BEFORE ME, the undersigned Notary Public, on this day personally appeared Charles A. Ryan III, who proved me with satisfactory proof of identification, to wit his MA Driver`s License, who being by me duly sworn on his oath deposed and said that he is the current President and Business Agent of Local Division 1548 Amalgamated Transit Union and that he has read the foregoing Petition to Confirm the Arbitration Award; and that every statement of fact contained therein is within his personal knowledge or based upon documents within his possession, and is true and correct.

_____
Charles A. Ryan III

SUBSCRIBED and SWORN TO before me by the said Charles A. Ryan III on this ___27th___, day of April 2020

_____
Notary Public

My Commission Expires:

4-8-2022

